(158 App. Div. 857.)

McARDLE et al. v. ROYAL INS. CO., Limited.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

INSURANCE (§ 641*)—ACTION ON POLICY—NECESSITY OF REPLY.

 Where the insurer, by a policy providing that loss, if any, should be payable to the mortgagee as his interest should appear, with subrogation to the rights of the mortgagee, after the commencement of action by the owner, paid the full amount to the mortgagee, and by answer set up, among other things, the fact of such payment as a complete defense, which, if established, would bar recovery, it was proper to compel the plaintiff to reply thereto.

 [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1626, 1628, 1629; Dec. Dig. § 641.*]

Appeal from Special Term, Albany County.

Action by Mary A. McArdle and others against the Royal Insurance Company, Limited. From an order denying defendant's motion

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to compel plaintiffs to reply to the first defense contained in its answer, defendant appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Cardozo & Nathan, of New York City (Edgar J. Nathan and Raymond Reubenstein, both of New York City, of counsel), for appellant.

John F. O'Brien, of Albany (William E. Woollard, of Albany, of counsel), for respondents.

HOWARD, J. The plaintiffs own property in the city of Albany, and on June 7, 1912, the date of the fire, they carried insurance with the defendant. In the policy was the usual provision that loss, if any, be payable to the mortgagee as its interest should appear, with privilege to the insurance company of being subrogated to the rights of the mortgagee. After the fire, proofs of loss were duly presented to the defendant; but the defendant did not pay the claim. On January 7, 1913, the plaintiffs began this action on the policy. On January 8th the defendant paid the full amount of the policy to the mortgagee. The defendant answered the complaint, denying material allegations therein, and setting up as a defense the fact of this payment; also the defense of arson. A motion was made by the defendant to compel the plaintiffs to reply to the defense of payment. The motion was denied, and an appeal brings the matter to us.

The defense seems to be complete on its face. The policy imposed upon the insurance company the duty to pay the loss in case of fire to the mortgagee. The defendant alleges in its answer that it has done this. If this be so, there can be no further recovery—no recovery at all by the plaintiffs. If the plaintiffs have any way of meeting this apparently perfect defense, they should be compelled to disclose it by a reply. By so doing it clarifies and simplifies the issues, and narrows the trial down to its smallest possible limits. If there be no way open to the plaintiffs to overcome this defense, a reply, or a failure to reply in case no reply can be made, puts the defendant in position to move for judgment on the pleading. It is well that the issues be distinctly defined before a trial begins. The court should know, and everybody concerned, as far as may be, should know, what issues are to be tried, when the litigants enter the courtroom. This saves time; this prevents surprise; this promotes justice.

The order appealed from should be reversed, with costs. All concur.